## Jones v. Commonwealth.

(Decided February 29, 1924.)

### Appeal from Mason Circuit Court.

1. Escape—Guilt of Aiding Held for Jury.—In a prosecution of a prisoner in county jail for aiding a prisoner detained on a felony charge to escape under Ky. Stats., section 1239, whether defendant aided in the escape held for the jury.

2. Escape—Court Held to have Instructed on Whole Law of Case.—In prosecution under Ky. Stats., section 1239, for aiding one detained for felony to escape, instructions of court upon reasonable doubt and permitting conviction, if defendant aided a certain prisoner detained for a felony to escape, held to fully present the whole law of the case.

3. Escape—Failure to Instruct Under Certain Statute Held Not Error.—In a prosecution for aiding one detained for a felony to escape, under Ky. Stats., section 1239, held, that the court properly failed to instruct under section 1338, relating to escape of one confined on sentence of imprisonment or to be whipped or under a capias, there being no evidence to indicate that the person aided

was confined on a sentence of imprisonment or to be whipped or under a capias, or forcibly or by bribery effected his escape.

H. B. BEST and ALLEN COLE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Jones was convicted in the Mason circuit court of the crime of aiding and assisting a prisoner, lawfully detained in the county jail on a felony charge, to escape, and his punishment fixed at confinement in the state penitentiary for one year, under section 1239, Kentucky Statutes.

Appellant Jones and one Albert Lewis with several other prisoners were confined in the Mason county jail. Lewis was charged with a felony. Jones and Lewis were regarded as bad prisoners and were kept in the "bull pen" on the second floor, while the other prisoners were allowed greater privileges. Jones and Lewis contrived to break out of the "bull pen" by cutting the steel bars, making an opening large enough to crawl through. After concealing themselves behind the door that enters the jail they inveigled the turnkey to enter. As he did so one of them struck him over the head with a blunt instrument and knocked him unconscious. Jones ran out at the open door with Lewis at his heels. They both made their escape. This offense is denounced by section 1239, Kentucky Statutes, which reads:

"When a person is lawfully detained as a prisoner in any jail, or in custody, if any person shall convey anything into the jail or county prison, with intent to facilitate the prisoner's escape therefrom, or shall aid him in any way to escape, or in the attempt to escape from such jail or custody, or shall forcibly rescue, or attempt to rescue him therefrom, if such rescue or escape be effected he shall, if the prisoner was detained on a conviction or on a charge of felony, be confined in the penitentiary not less than one nor more than five years."

Appellant has assigned three alleged grounds for reversal of the judgment:

"First: The court erred to the prejudice of defendant's substantial rights in refusing at the con-

clusion of plaintiff's evidence to sustain defendant's motion for a directed verdict.

"Second: The court erred to the prejudice of defendant's substantial rights in not giving the whole law of the case.

"Third: The court erred to the prejudice of defendant's substantial rights in failing to instruct the jury pursuant to section 1338, Kentucky Statutes, in regard to a person in lawful custody escaping."

There is no direct evidence as to who cut the bars which made the hole through which appellant and Lewis escaped from the "bull pen" into the jail corridor, nor is there any evidence showing precisely who struck the turnkey when he entered the jail in response to the request of some of the prisoners. But appellant admits that he escaped through the hole made in the "bull pen," although he denies that he made the hole or assisted in doing so. It is shown in evidence by one witness that appellant told her that "they sawed out." She was then asked: "Q. Who did he say did the sawing?" to which she answered: "All of them did it. Q. And he and Albert Lewis escaped? A. Yes, sir."

Appellant as well as the other witnesses stated that he came out of the jail door first. On cross-examination appellant was asked:

"Q. What were you doing dowstairs that night? A. Going down to go out with the rest of them. Q. Who were the rest of them? A. Four of us were supposed to go out. Q. There were only two downstairs were there not? A. There were four, Gilmore, Sam Rout and myself and Lewis. Q. They all helped you to get out? A. No, sir; not all of them. Q. Who did help you to get out? A. We were all going out and I was inside the bull pen door and Gilmore was on the other side. Q. You were all acting for a common purpose? A. Yes, sir. . . . Q. But you were the first one out? A. I was the first one out. Q. You went out over the turnkey who lay prostrate on the floor? A. No, sir, I didn't go out over him."

From this evidence it is clear that appellant was not entitled to a directed verdict in his favor, and his first ground of complaint must be overruled. There was sufficient evidence to carry the case to the jury and to support the conviction.

2.   The court instructed the jury in substance that if it believed from the evidence beyond a reasonable doubt that the defendant Jones in February, 1922, and before the finding of the indictment wilfully, and feloniously aided and assisted Lewis, then lawfully detained in the Mason county jail on a felony charge, to escape from said jail by joining with and helping the said Lewis to saw and break the bars of an inside cell and forcibly opening the door thereof, and thereby procuring and aiding said Lewis to escape therefrom, to find appellant guilty as charged in the indictment.   The second instruction presented the law of reasonable doubt.   These were all the instructions given and we believe presented the whole law of the case.   Appellant insists, however, that the court should have instructed under section 1338, Kentucky Statutes, which is a misdemeanor.   That statute reads:

> "If a prisoner confined on a sentence of imprisonment, or to be whipped, or under a capias, escapes jail, or if a person lawfully arrested upon a charge for violation of the criminal or penal laws forcibly or by bribery effects his escape from the officer or guard, he shall be confined in jail not less than six nor more than twelve months."

It does not appear to have application to the facts before us.   The defendant was accused of aiding a prisoner charged with felony to escape from jail.   The evidence proved beyond doubt that Lewis, the prisoner aided to escape, was confined upon a felony charge; that he escaped from jail and that appellant Jones assisted him in doing so.   There was no evidence whatever to indicate that the prisoner aided to escape was confined on a sentence of imprisonment, or to be whipped, or under a capias, or that the prisoner forcibly or by bribery effected his escape from the officer or guard.   To have given an instruction under section 1338 would certainly have been error.

We find no reason for disturbing the judgment and it is affirmed.

Judgment affirmed.